UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: : <br> : <br> DONALD F. WALTON, United : <br> States Trustee for Region 21, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> CLARK & WASHINGTON, LLC, : <br> : <br> Defendant. : | MISCELLANEOUS PROCEEDING <br><br> CASE NO. 8:09-mp-10-mgw |

**CLARK & WASHINGTON, LLC'S
RESPONSE TO THE COURT**

COMES NOW Clark & Washington, LLC ("the Firm") and through counsel files this response, showing to this Honorable Court the following:

1.

This response is being filed pursuant to the Court's directions during the hearing which took place in this miscellaneous proceeding on 1 November 2011 at 10:00 o'clock, A.M.

2.

Attached as Exhibits A through D, respectively, are the Firm's proposed Chapter 7 Pre-Petition Fee Agreement; Disclosure of Compensation of Attorney for Debtor(s);

Chapter 7 Post-Petition Fee Agreement; and, Supplemental Disclosure of Compensation of Attorney for Debtor(s).

3.

Page 1 of the Chapter 7 Pre-Petition Fee Agreement (Exhibit "A") more fully sets out the costs and fees that will be associated with filing the client's case. In paragraph (1), it describes the services that the Firm will provide for the client under the agreement. These services include filing all of the documents required for a complete filing; the front-page ("skeletal") two-part process that previously raised the Court's concerns is eliminated. On page 4, a new section has been added, "The Two-Contract Procedure," which reiterates that the services to be rendered under the contract are limited to the preparation and filing of the case. It also advises the client of the Firm's ethical obligation to continue representation until the Court allows the Firm to withdraw from the case. It describes the client's three options regarding representation for post-petition legal services: proceed *pro se* (and cautions against it); retain other counsel; or, retain the Firm. And, finally, it provides the client a two-week period in which to exercise the option to retain the Firm for post-petition legal services (a "cooling-off period" as advocated by the Court).

4.

Exhibit "B" is the Rule 2016(b) statement of compensation relating to the pre-petition fee agreement. It relates solely to fees paid prior to the filing of the case for the pre-petition services (including the actual case filing). Paragraph 6(c) describes the services included under the pre-petition agreement. Paragraph 7 specifically excludes post-petition legal services.

5.

Exhibit "C" is the proposed Chapter 7 Post-Petition Fee Agreement. The lead paragraph contains the case number, which is migrated into the form automatically before it is printed, and which ensures that the case has, in fact, been filed. It sets out the total post-petition fee and the amounts and dates of the installment payments thereon. Paragraph (1) describes the services which are included under the agreement, only carving out services relating to adversary proceedings (which are addressed in paragraph (23) on page 4). Page 5 includes a new section, "The Two-Contract Procedure" which confirms that the client knows she has the option to proceed *pro se*, retain other counsel, or retain the Firm, and that the client has decided to retain the Firm. It then elaborates upon the services which are covered by the agreement.

6.

Exhibit "D" is the Supplemental Disclosure of Compensation of Attorney for Debtor(s) which relates to the post-petition fee agreement. Paragraph 1 states that it is "... in contemplation of or in connection with the *post-petition portion* of this bankruptcy case ...." It states that "For *post-petition legal services*, I have agreed to accept .....$xx.xx" And, "Prior to the filing of this statement I have received for *post-petition legal services* ... $yy.yy" [emphasis added] Paragraph 3 discloses, "The fee shall be paid by automatic debits from debtor's bank account" and details the date and amount of each debit. Paragraph 5 provides the services to be rendered under the agreement and paragraph 6 describes the carve-out for legal services relating to adversary proceedings. The language in paragraphs 5 and 6 is taken directly from the post-petition fee agreement.

Respectfully submitted,

*/s/Richard H. Thomson*
GA Bar #710264; *Pro Hac Vice*
Attorney for Clark & Washington, LLC
3300 Northeast Expressway
Building 3
Atlanta GA   30341
(404) 522-2222
(770) 220-0685
rthomson@cw13.com


*/s/ Glenn E. Gallagher*
Florida Bar #0176540
Attorney for Clark & Washington, LLC
4107 W. Spruce Street
Suite 200
Tampa, FL  33607
(813) 490-4858
(813) 490-4859 (fax)
ggallagher@cw13.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "CLARK & WASHINGTON, LLC'S RESPONSE TO THE COURT" was furnished on 28 November 2011 by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to Denise E. Barnett, Esq., 501 E. Polk Street, Tampa, FL, 33602.

/s/ *Glenn E. Gallagher*
Florida Bar #0176540
Attorney for Clark & Washington, LLC
4107 W. Spruce Street
Suite 200
Tampa, FL  33607
(813) 490-4858
(813) 490-4859 (fax)
ggallagher@cw13.com