EXHIBIT "A"

# CHAPTER 7 PRE-PETITION FEE AGREEMENT

It is hereby agreed by the undersigned "Attorney" and "Client" that Attorney shall represent Client in the preparation and filing of a voluntary petition for relief under 11 U.S.C. Chapter 7. In exchange for these limited services, Client agrees to pay an attorney fee of $_____. This fee does not include certain costs associated with this case including but not limited to the court filing fee, the costs to obtain the required pre-filing credit counseling certificate, the costs to obtain credit reports, etc.

The fees and costs are as follow:

| | |
|---|---|
| Court cost: | $ __306.00__ |
| Attorney fee: | $_____ |
| Credit counseling cost: | $_____ |
| Credit report cost: | $_____ |
| Total fees and costs: | $_____ |

It is further agreed that:

(1) <u>Attorney's Duties</u>: Attorney shall meet and consult with Client as needed, prepare the Petition, its accompanying exhibits, Form 22(a), Statement of Affairs, Schedules and Summaries as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Court, as well as any other documents or pleadings which are necessary or appropriate to constitute a complete chapter 7 filing, and file same with the Clerk of the United States Bankruptcy Court.

(2) <u>Client's Address</u>:
(a) Client shall provide Attorney a complete and accurate list of all addresses Client used, including relevant dates, during the past 2 and ½ years.
(b) During the course of this representation, Client shall keep in contact with Attorney and maintain Client's correct and up-to-date name, mailing address, phone numbers, and place of employment with Attorney's office.

(3) <u>Creditor List(s)</u>:
(a) Client shall provide a complete list of ALL of Client's creditors to Attorney, including the correct name, mailing address, account # (if applicable), and approximate amount owed

to each; Client shall also provide the complete name and address of any cosigner or co-obligor on each debt.

    (b) For secured debts (debts which have collateral) Client shall provide the date the debt was incurred and the fair market value of the collateral.

    (c) Client shall also provide the name and phone number of any creditor or attorney seeking to sue Client or to foreclose, repossess or garnish Client's property and/or wages.

    (d) If Client is obligated to make payments pursuant to a Domestic Support Order, Client shall provide the current name, address, and telephone number for the individual to whom the payments are owed.

(4) <u>List of Assets</u>:

    (a) Client shall provide an accurate and complete list of any and all property/assets owned by Client and a complete and honest valuation thereof.

    (b) Client shall disclose to Attorney any and all legal claims or causes of action against third parties which client might have at the time the Chapter 7 is filed. Client acknowledges that the failure to disclose any legal claim against third parties in a timely fashion may result in Client losing the right to pursue said claim, Client losing the right to claim it as exempt, and/or Client being denied a discharge in this case. Attorney shall not be responsible for any negative consequences arising out of Client's failure to adequately disclose pre- and/or post-petition assets.

(5) <u>Signatures</u>: In accordance with applicable bankruptcy rules, Client shall read and sign the completed petition, statements, schedules, and other pleadings prior to their filing in the bankruptcy court.

(6) <u>Proof of Income</u>:

    (a) Prior to filing Client's case, Client shall provide to Attorney proof of all gross income, from whatever source, Client received in the 6 months ending in the last full calendar month prior to the filing of Client's case.

    (b) Prior to filing, Client's case, Client shall provide to Attorney pay advices (proof of income) for the 60 days immediately prior to the filing of Client's case.

    (c) Client shall provide proof of current income at the 341 Meeting of Creditors.

(7) <u>Budget/Debt Briefing</u>: Prior to the filing of Client's case, Client shall provide to Attorney the required certificate of completion showing that Client obtained a briefing from an approved credit counseling agency within the past 180 days, except where Attorney and Client agree that exigent circumstances exist which warrant filing for a waiver of this requirement.

(8) <u>Tax returns</u>:

    (a) Client shall provide a copy of the Client's last-filed federal tax return to the trustee at least one week prior to the 341 Meeting of Creditors.

    (b) Upon request of the Court or any party-in-interest, Client shall file and provide to the requesting party copies of any un-filed tax returns for the 3 years preceding the filing of Client's case.

    (c) Client shall timely file all required tax returns while Client's case is pending. The failure to do so may result in the dismissal or conversion of client's case.

(9) <u>Statement of Intentions</u>: Client must perform his intentions regarding secured claims, as set forth in the statement of intentions, within 30 days after the date first set for the 341 Meeting of Creditors.

(10) <u>To Obtain a Discharge:</u>
    (a) Client must attend the 341 Meeting of Creditors and any other hearings or proceedings required in the case.
    (b) Client must file all applicable tax returns as they come due, post-Petition;
    (c) Client must pay all obligations arising under any Domestic Support Order as they come due post-Petition;
    (d) Client must complete an approved Personal Financial Management Course and file a certificate of completion of the same with the Court.
    (e) Client must provide or account for any financial records that may be requested or required by the Trustee, a creditor, or the Court. The failure to do so may result in the dismissal or conversion of Client's case as well as possible criminal sanctions.
    (f) Client's discharge may be denied pursuant to 11 U.S.C. Section 727 if Client fails to adequately disclose and/or account for all of Client's assets and liabilities.

(11) <u>Dischargeability of Certain Debts:</u>
    (a) Student loan obligations generally are not dischargeable. To discharge a student loan, Client must file an adversary proceeding and prove that paying the student loan will create an undue hardship for Client.
    (b) No professional opinion is rendered by Attorney as to the dischargeability or priority status of any tax obligations or any interest or penalties accruing thereon.
    (c) Obligations arising under a Domestic Support Order or from a divorce or separation agreement or decree generally are not dischargeable in a chapter 7 case

(12) <u>Representation of Client as an Individual :</u>
    (a) Client understands that Attorney represents Client as an individual only and not as any corporation or partnership in which Client may have owned shares or participated.
    (b) Client understands that the Court may recover payments made to creditors or insiders by Client or by any corporation or partnership in which the Client may have owned shares or participated. Attorney does not represent any third parties from which these payments may be recovered.

(13) <u>Property of the Estate</u>: Client understands that, while Client's case is open, property of the estate is under the control of the Trustee. During this time, Client cannot sell, quitclaim, give, bequeath, or otherwise transfer any property of the estate, including but not limited to Client's residence and other real or personal property. The entry of an order discharging client's debts does not necessarily mean that the client's case is closed or that Client is free to dispose of estate assets.

(14) <u>Criminal Liability:</u> Client understands that all information and documents provided by Client for filing in, or in connection with, Client's case must be complete and accurate. All information and documents are subject to audit. Failure to provide complete and accurate information can result in negative consequences for Client, including the dismissal or conversion of Client's case and the possibility of civil and/or criminal sanctions.

3

(15) <u>Duty to Cooperate in Audit</u>: The Bankruptcy Code requires the United States Trustee's office to conduct an audit in 1 out of every 250 cases filed in this district. Client knows, understands, and agrees that, if Client's case is chosen for audit, then Client must fully cooperate with the US Trustee's auditor and provide any and all accessible information and documents requested. Failure to do so could lead to the denial or revocation of Client's discharge.

(16) <u>Payments by Third Parties</u>.
 (a) Attorney's legal ethical rules say Attorney cannot take payments of its fees from third parties unless Client agrees to it. Attorney cannot accept compensation for representing Client from someone other than Client unless (1) Client consents after consultation, (2) there is no interference with Attorney's independence of professional judgment or with the client-lawyer relationship, and (3) Attorney maintains client confidences. Attorney has to be loyal to Client, and must keep Client's confidential information secret (to the extent it is not otherwise required to be disclosed under applicable law). The reason for this rule is that lawyers must look out for only their clients' interests and not the interests of the person paying the bill. If Client has any questions about Attorney's ethical obligations and any agreement for a third party to pay Attorney's fees, Client should not hesitate to ask Attorney.
 (b) Client shall be represented by Attorney pursuant to the scope of this agreement; Attorney does not agree to represent, and does not represent, any third party who assists Client in the payment of legal fees or expenses in connection with this case.
 (c) Client shall fully disclose the source of all third-party payments for fees and expenses associated with this case.

(17) <u>Lien stripping</u>. Client has been advised that, in chapter 13 cases, second- and/or third-priority mortgage liens may sometimes be removed from property if there is no value in the property in excess of the balance of the senior mortgage(s). Client has discussed with Attorney the viability of "lien-stripping" in Client's case and Client has chosen to proceed under chapter 7.

(18) <u>HOA, Co-Op, and Condo Ass'n Dues</u>. Client understands that as long as Client retains a possessory, legal, or equitable interest in real property which is subject to membership association fees/dues, Client will be liable for any such fees that come due post-petition and those fees will not be discharged in this case.

### The Two-Contract Procedure

This contract contemplates that Attorney will provide all of the necessary and appropriate services required for commencing a chapter 7 case on Client's behalf (see paragraph 1, above). Attorney's contractual responsibilities will end upon completion of the filing of the case. However, Attorney will remain professionally obligated to serve as counsel for Client in the case until the Court allows Attorney to formally withdraw.

Upon completion of the case filing, Client shall have three options regarding representation in this case:

1. Client may opt to proceed without counsel (*pro se*). Although Client is not prohibited from proceeding *pro se*, Client is advised that doing so may be risky and ill-advised. Attorney typically does not recommend that individuals attempt to represent themselves in legal proceedings. Upon

notification from Client of Client's intention to proceed *pro se*, Attorney will file the appropriate pleadings to withdraw from the case;

    2. Client may seek to retain other counsel. If Client retains other counsel, Attorney will cooperate in filing the appropriate paperwork to substitute new counsel in Attorney's place; or,

    3. Client may retain Attorney to represent Client in the post-petition proceedings in the case.

Client shall have fourteen (14) days from the date Client's petition is filed in which to retain Attorney for the post-petition services in this case. If Client does not formally retain Attorney within that period, then Client agrees and consents to Attorney's withdrawal as counsel in this case.

## ACKNOWLEDGEMENT

I have read and understand the within and foregoing "Chapter 7 Pre-petition Fee Agreement," it has been explained to me by the undersigned Attorney, and by affixing my signature hereto, I acknowledge receipt of a copy hereof and agree to its conditions. I declare under penalty of perjury that, in preparing to file this Chapter 7 case, I reviewed and provided to Clark & Washington, LLC, the required information concerning my assets and liabilities and that it is true and complete to the best of my knowledge and belief.

I further acknowledge that Attorney has not advised me to incur debt in order to pay Attorney's legal fees in this matter. Any contribution made by a third party to assist me in paying my legal fees is done with my consent and is or shall be a gift (rather than a loan to be repaid in the future).

I further acknowledge that I have received a copy of each of the notices required by 11 U.S.C. Section 342(b), Section 527(a)(2), and Section 527(b).

**Dated:** _____      _____
                              **Signature of Client (Debtor)**

**Dated:** _____      _____
                              **Signature of Client (Co-Debtor)**

**Dated:** _____      _____
                              **Signature of Attorney**