EXHIBIT "C"

# CHAPTER 7 POST-PETITION FEE AGREEMENT

It is hereby agreed by the undersigned "Attorney" and "Client" that Attorney shall undertake the representation of Client in Client's pending chapter 7 case (No. _____). In exchange for these post-petition services, Client agrees to an attorney fee of $_____. This fee does not include certain costs associated with this case, including but not limited to court costs and the costs to obtain the required personal financial management course certificate.

This fee shall be paid as follows:  $_____ on _____

$_____ on _____

$_____ on _____

$_____ on _____

$_____ on _____

It is further agreed that:

(1) <u>Attorney's Duties</u>: Attorney shall meet and consult with Client as needed, prepare any pleadings which are necessary or appropriate during the case, and file the same with the Clerk of the United States Bankruptcy Court. Attorney shall attend all hearings as set forth in paragraph (7), below. Legal services relating to Adversary Proceedings are excluded as set forth in paragraph (23), below.

(2) <u>Client's Address:</u>
    (a) Client shall provide Attorney a complete and accurate list of all addresses Client used, including relevant dates, during the past 2 and ½ years.
    (b) Client shall keep in contact with Attorney and maintain Client's correct and up-to-date name, mailing address, phone numbers, and place of employment with Attorney's office.

(3) <u>Creditor List(s):</u>
    (a) Client shall provide a complete list of **ALL** of Client's creditors to Attorney, including the correct name, mailing address, account # (if applicable), and approximate amount owed to each; Client shall also provide the complete name and address of any cosigner or co-obligor on each debt.
    (b) For secured debts (debts which have collateral) Client shall provide the date the debt was incurred and the fair market value of the collateral.

(c) Client shall also provide the name and phone number of any creditor or attorney seeking to sue Client or to foreclose, repossess or garnish Client's property and/or wages.

(d) If Client is obligated to make payments pursuant to a Domestic Support Order, Client shall provide the current name, address, and telephone number for the individual to whom the payments are owed.

(4) <u>List of Assets:</u>

(a) Client shall provide an accurate and complete list of any and all property/assets owned by Client and a complete and honest valuation thereof.

(b) Client shall disclose to Attorney any and all legal claims or causes of action against third parties which client might have at the time the Chapter 7 is filed. Client acknowledges that the failure to disclose any legal claim against third parties in a timely fashion may result in Client's losing the right to pursue said claim and/or the loss of a discharge in this case. Attorney shall not be responsible for any negative consequences arising out of Client's failure to adequately disclose pre- and/or post-petition assets.

(5) <u>Signatures</u>: As required by applicable bankruptcy rules, Client shall read and sign all completed pleadings and other documents prior to their filing in the bankruptcy court.

(6) <u>Proof of Income:</u>

(a) Client shall provide to Attorney proof of all gross income, from whatever source, Client received in the 6 months ending in the last full calendar month prior to the filing of Client's case.

(b) Client shall provide to Attorney pay advices (proof of income) for the 60 days immediately prior to the filing of Client's case.

(c) Client shall provide proof of current income at the 341 Meeting of Creditors.

(7) <u>Court Hearings:</u> With the exception of Adversary Proceedings (see paragraph 23, below), Attorney shall appear at the 341 Meeting of Creditors and any other hearings or proceedings required in Client's case. Client shall attend the 341 Meeting of Creditors and any other hearing or proceeding required in Client's case.

(8) <u>At the 341 Meeting of Creditors:</u>

(a) No later than 10 days prior to the 341 Meeting of Creditors, Client shall provide to Attorney a copy of Client's filed tax return for the tax year ending immediately prior to the filing of Client's case.

(b) Client shall provide proof that Client paid any and all obligations under a Domestic Support Order which came due since the filing of Client's case.

(c) Client shall provide proof of current income.

(d) Client shall provide proper identification – two forms of ID will be required – a photo ID and separate evidence of Clients Social Security Number.

(9) <u>DSO Payments:</u> While the case is pending, Client shall make all payments which come due under any applicable Domestic Support Order.

(10) <u>Tax returns:</u>

2

(a) Client shall provide a copy of his last-filed federal tax return to the trustee at least 7 days prior to the 341 Meeting of Creditors.
(b) Upon request of the Court or any party-in-interest Client shall file and provide to Attorney copies of any un-filed tax returns for the 3 years preceding the filing of Client's case.
(c) Client shall timely file all required tax returns while Client's case is pending. The failure to do so may result in the dismissal or conversion of client's case.

(11) Statement of Intentions: Client must perform his intentions regarding secured claims, as set forth in the statement of intentions, within 30 days after the date first set for the 341 Meeting of Creditors.

(12) To Obtain a Discharge:
(a) Client must attend the 341 Meeting of Creditors and any other hearings or proceedings required in the case.
(b) Client must file all applicable tax returns as they come due, post-petition;
(c) Client must pay all obligations arising under any Domestic Support Order as they come due post-petition; further
(d) Client must attend and satisfactorily complete an approved debtor education course and provide Attorney a certificate of completion of the same.
(e) Client must provide or account for any financial records that may be requested or required by the Trustee, a creditor, or the Court. The failure to do so may result in the dismissal or conversion of Client's case as well as possible criminal sanctions.
(f) Client's discharge may be denied pursuant to 11 U.S.C. Section 727 if Client fails to adequately disclose and/or account for all of Client's assets and liabilities.

(13) Dischargeability of Certain Debts:
(a) Student loan obligations generally are not dischargeable.
(b) No professional opinion is rendered by Attorney as to the dischargeability or priority status of any tax obligations or any interest or penalties accruing thereon.
(c) Obligations arising under a Domestic Support Order, or a divorce or separation agreement or decree, generally are not dischargeable under chapter 7.

(14) Avoiding Liens:
(a) If Client wishes to avoid any judgment lien, Client shall provide to Attorney a copy of each judgment and the name and address of that creditor's attorney of record.
(b) If Client wishes to avoid a non-purchase-money, non-possessory, security interest, Client shall provide to Attorney a copy of the contract granting the lien.

(15) Representation of Client as an Individual :
(a) Client understands that Attorney represents Client as an individual only and not as any corporation or partnership in which Client may have owned shares or participated.
(b) Client understands that the Court may recover payments made to creditors or insiders by Client or by any corporation or partnership in which the Client may have owned shares or participated. Attorney does not represent any third parties from which these payments may be recovered.

(16) <u>Property of the Estate</u>: Client understands that, while Client's case is open, property of the estate is under the control of the Trustee. During this time, Client cannot sell, quitclaim, give, bequeath, or otherwise transfer any property of the estate, including but not limited to Client's residence and other real or personal property. The entry of an order discharging client's debts does not necessarily mean that the client's case is closed or that Client is free to dispose of estate assets. Client should contact Attorney if there is any question regarding the status of Client's case or property of the estate.

(17) <u>Delegation of Duties</u>: Client agrees that certain tasks associated with Client's case, including but not limited to appearances at the First Meeting of Creditors, may be contracted out to attorneys who are not regular members or associates of Clark & Washington, LLC. This will not result in increased costs to Client and Client authorizes such delegation at Attorney's discretion.

(18) <u>Criminal Liability:</u> Client understands that all information and documents provided by Client for filing in, or in connection with, Client's case must be complete and accurate. All information and documents are subject to audit. Failure to provide complete and accurate information can result in negative consequences for Client, including the dismissal or conversion of Client's case and the possibility of civil and/or criminal sanctions.

(19) <u>Duty to Cooperate in Audit</u>: The Bankruptcy Code requires the United States Trustee's office to conduct an audit in 1 out of every 250 cases filed in this district. Client knows, understands, and agrees that, if Client's case is chosen for audit, then Client must fully cooperate with the US Trustee's auditor and provide any and all accessible information and documents requested. Failure to do so could lead to the denial or revocation of Client's discharge.

(20) <u>Reaffirming Debts</u>: Client is advised that Attorney has no control over a creditor's decision to reaffirm a debt with Client. Client is further advised that Client should bring current, and continue to maintain, the payments on any debt which Client wishes to reaffirm. Attorney has no obligation or duty to endorse a reaffirmation agreement which Attorney does not feel is in Client's best interests or which might cause a hardship for Client.

(21) <u>Lien stripping</u>. Client has been advised that, in chapter 13 cases, second- and/or third-priority mortgage liens may sometimes be removed from property if there is no value in the property in excess of the balance of the senior mortgage(s). Client has discussed with Attorney the viability of "lien-stripping" in Client's case and Client has chosen to continue under chapter 7.

(22) <u>HOA, Co-Op, and Condo Ass'n Dues</u>. Client understands that as long as Client retains a possessory, legal, or equitable interest in real property which is subject to membership association fees/dues, Client will be liable for any such fees that come due post-petition and those fees will not be discharged in this case.

(23) **ADVERSARY PROCEEDINGS**: the parties specifically agree that the fees contemplated in this contract of employment **DO NOT** include representing Client, either as a Plaintiff or a Defendant, in any Adversary Proceeding filed in or in connection with this case. Should Attorney agree to represent Client in an adversary proceeding, a different contract of employment shall be executed between the parties under such terms and conditions as the parties

4

deem mutually acceptable. If Client is served with an adversary proceeding complaint, Attorney shall take appropriate steps to protect and represent Client's best interests, billed at the hourly rates of $175 for attorneys and $100 for paralegals, until such time as Client informs Attorney that Client does not wish to litigate the matter; Client affirmatively declines Attorney's representation; Client obtains other counsel; Client enters into a new retainer contract with Attorney; or, Attorney is allowed to withdraw by the Court.

(24) <u>Payments by Third Parties</u>.
    (a) Attorney's legal ethical rules say Attorney cannot take payments of its fees from third parties unless Client agrees to it. Attorney cannot accept compensation for representing Client from someone other than Client unless (1) Client consents after consultation, (2) there is no interference with Attorney's independence of professional judgment or with the client-lawyer relationship, and (3) Attorney maintains client confidences. Attorney has to be loyal to Client, and must keep Client's confidential information secret (to the extent it is not otherwise required to be disclosed under applicable law). The reason for this rule is that lawyers must look out for only their clients' interests and not the interests of the person paying the bill. If Client has any questions about Attorney's ethical obligations and any agreement for a third party to pay Attorney's fees, Client should not hesitate to ask Attorney.
    (b) Client shall be represented by Attorney pursuant to the scope of this agreement; Attorney does not agree to represent, and does not represent, any third party who assists Client in the payment of legal fees or expenses in connection with this case.
    (c) Client shall fully disclose the source of all third-party payments for fees and expenses associated with this case.

### The Two-Contract Procedure

Client understands that Client has the option of either proceeding without counsel, retaining other counsel for the post-petition legal services in this case, or retaining Attorney to continue representation of Client in this case. Client has chosen to retain Attorney.

Attorney shall represent Client in all remaining aspects of the case (with the exception of Adversary Proceedings as set forth in paragraph 23, above). These services include, but are not limited to, appearing at the 341 Meeting of Creditors; preparing and filing necessary pleadings or other papers; representing Client in contested matters; advising and assisting Client concerning reaffirmation agreements; advising and assisting Client concerning the required personal financial management course; advising and assisting Client with trustee and court requests; communicating and negotiating with Client's creditors as appropriate; and, providing all other appropriate legal counsel to Client about Client's case.

### <u>ACKNOWLEDGEMENT</u>

I have read and understand the within and foregoing "Chapter 7 Post-petition Fee Agreement," it has been explained to me by the undersigned Attorney, and by affixing my signature hereto, I acknowledge receipt of a copy hereof and agree to its conditions. I declare under penalty of perjury that I reviewed and provided to Clark & Washington, LLC, the required information concerning my assets and liabilities and that it is true and complete to the best of my knowledge and belief.

    I further acknowledge that Attorney has not advised me to incur debt in order to pay Attorney's legal fees in this matter. Any contribution made by a third party to assist me in paying my legal fees is done with my consent and is or shall be a gift (rather than a loan to be repaid in the future).

    I further acknowledge that I have received a copy of each of the notices required by 11 U.S.C. Section 342(b), Section 527(a)(2), and Section 527(b).


**Dated:** _____  _____
                      **Signature of Client (Debtor)**


**Dated:** _____  _____
                      **Signature of Client (Co-Debtor)**


**Dated:** _____  _____
                      **Signature of Attorney**