UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Donald F. Walton,                                              Case No. 8:09-mp-00010-MGW
United States Trustee for Region 21,

       Plaintiff,
v.

Clark & Washington, P.C.,

       Defendant.
_____/

**AMENDED ORDER AND MEMORANDUM OPINION DETERMINING THAT CLARK & WASHINGTON'S TWO-CONTRACT PROCEDURE DOES NOT CONFLICT WITH THE COURT'S JULY 12, 2011 MEMORANDUM OPINION[1]**

This Court previously ruled in this miscellaneous proceeding that Clark & Washington was prohibited from accepting postdated checks as a prepetition retainer for postpetition services to be provided to their consumer clients.[2] Clark & Washington now has its clients execute two separate agreements: one for prepetition services and another for postpetition services. The agreement for prepetition services is executed before the petition is filed, and all services provided for under the agreement are completed with the filing of the chapter 7 petition. The relatively small payment for the prepetition services is also made before the petition is filed. The

---

[1] This Amended Order and Memorandum Opinion supersedes the Court's April 20, 2012 Order and Memorandum Opinion Determining that Clark & Washington's Two-Contract Procedure Does Not Conflict with the Court's July 22, 2011 Memorandum Opinion (Doc. No. 66). Clark & Washington moved for reconsideration of decretal paragraph 1(d) of the Court's April 20, 2012 Order and Memorandum Opinion (Doc. No. 68). In light of that motion for reconsideration, the Court has amended decretal paragraph 1(d) to clarify the right of Clark & Washington's clients to cancel their postpetition contract. This Amended Order and Memorandum Opinion is otherwise identical in all respects to the April 20, 2012 Order and Memorandum Opinion.

[2] *Walton v. Clark & Washington, P.C.,* 454 B.R. 537 (Bankr. M.D. Fla. 2011).

agreement for postpetition services is executed after the petition is filed. Payments under the postpetition retainer agreement are automatically debited from the debtor's bank account. The U.S. Trustee has moved to determine whether this new practice violates the Court's previous ruling.[3] For the reasons discussed below, the Court determines that, with certain modifications, this new practice is acceptable and does not conflict with the Court's previous ruling.

## Background

The Defendant, Clark & Washington, P.C., is a law firm based in Atlanta, Georgia, with offices in various cities in the southeastern United States. Clark & Washington limits its practice to representing individual debtors in consumer cases filed under Chapters 7 and 13 of the Bankruptcy Code. The U.S. Trustee originally filed this miscellaneous proceeding seeking a declaration that the prepetition fee agreement Clark & Washington used at the time, which depended upon the use of postdated checks for payment, was impermissible. This Court agreed with the U.S. Trustee's position and entered an order prohibiting Clark & Washington from using postdated checks as part of its fee agreement with clients. The U.S. Trustee now seeks a determination as to whether a new two-contract procedure used by the firm is permissible. To understand whether the new two-contract procedure is permissible, it is helpful to understand how Clark & Washington's original prepetition fee agreement worked and the reason that fee agreement was impermissible.

*The Postdated Check Fee Agreement*

Before this miscellaneous proceeding was filed in 2009, Clark & Washington regularly entered into fee agreements with its consumer clients under which it would receive a relatively small payment for its prepetition work and postdated checks as a "retainer" for its postpetition

---

[3] Doc. No. 49 (the "Motion).

2

work. Typically, the client provided Clark & Washington with four or five postdated checks in equal amounts to pay this retainer. Clark & Washington deposited the checks on the date specified on the checks. The dates specified were always after the petition date, and in some instances, they were after the discharge had been entered.

*The U.S. Trustee files this miscellaneous proceeding*

The U.S. Trustee objected to that fee arrangement. So he filed this miscellaneous proceeding seeking a declaration that Clark & Washington's fee arrangement: (i) violated Bankruptcy Code § 362's automatic stay (Count I); (ii) violated Bankruptcy Code § 524's discharge injunction (Count II); and (iii) created a conflict of interest between Clark & Washington and its clients (Count III).[4] Clark & Washington moved for entry of summary judgment in its favor on all three counts of the U.S. Trustee's Complaint.[5]

*The Court invalidates the Postdated Check Fee Agreement*

In its July 12, 2011 Memorandum Opinion, the Court ruled that the postdated checks gave rise to prepetition claims as a matter of law and that depositing the checks after the petition date violated the § 362 automatic stay or the § 524 discharge injunction (depending on when the check was deposited). This Court also ruled that the fee arrangement created a conflict of interest. Accordingly, the Court prohibited Clark & Washington from accepting postdated checks for deposit after the petition date as payment of its fees for chapter 7 cases.

*Clark & Washington implements a new two-contract procedure*

After the Court's Memorandum Opinion, Clark & Washington modified its fee agreement to remove the provisions that the Court had found to be impermissible. The result was

---

[4] Doc. No. 1.

[5] Doc. Nos. 32 & 33.

a new two-contract procedure under which the client executes separate fee agreements for prepetition and postpetition services. Under this new procedure, the client first agrees to retain Clark & Washington to prepare and file the chapter 7 petition. After the prepetition retainer agreement is signed, the initial intake is done and the petition and schedules are prepared. The client then comes back for a second appointment to sign the petition and schedules. Clark & Washington files the petition and then immediately prepares a postpetition retainer agreement, which the client executes while at the firm's office. The client also makes arrangements to pay the postpetition fees (generally in the form of automatic debits from the client's bank account) while at the firm's office. Once that is done, the balance of the schedules, statement of financial affairs, and other papers are filed. The fee for the prepetition services is generally $250, while the fee for the postpetition services is generally $1,000.

The U.S. Trustee filed the Motion to determine whether Clark & Washington's new two-contract procedure violates this Court's prior ruling.[6] At the initial hearing on the Motion, the Court expressed two key concerns about the firm's new procedure. First, the transition from the prepetition contract to the postpetition contract appeared to be one continuous process with no time for the client to consciously choose whether to retain the firm for postpetition services. Second, the disclosures in the initial contract did not appear to be sufficient to fully explain the client's options for postpetition services.

*Clark & Washington modifies the two-contract procedure*

As a result of the Court's comments at the initial hearing, Clark & Washington modified its two-contract procedure.[7] Under the modified procedure, the prepetition fee agreement

---

[6] Doc. No. 49.

[7] Doc. No. 56.

4

describes the two-contract procedure in detail and sets forth the client's three options for postpetition legal services.[8] Those three options are: (i) the client can proceed pro se, (ii) the client can retain Clark & Washington, or (iii) the client can retain another firm.[9] Clark & Washington now gives its clients two weeks to exercise one of those three options; the debtor is no longer required to exercise one of those options on the same day the petition is filed.[10] In effect, Clark & Washington now provides a cooling off period. It is the validity of this modified two-contract procedure that is before the Court. The Court will next consider whether this modified procedure violates the Court's prior ruling or is otherwise legally impermissible.

## Conclusions of Law[11]

As the Seventh Circuit recognized in *In re Bethea*, debtors "who cannot pay in full can tender a smaller retainer for prepetition work and later hire and pay counsel once the proceeding begins—for a lawyer's aid is helpful in prosecuting the case as well as in filing it."[12] The Supreme Court has also recognized that a debtor is free to use postpetition funds to pay for postpetition legal services.[13] Put another way, there is nothing inherently wrong with a lawyer giving terms to clients for the payment of legal services. As a consequence, the Court must uphold the validity of the modified two-contract procedure absent some compelling reason not to do so.

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] The Court has jurisdiction over this miscellaneous proceeding under section 28 U.S.C. § 1334(b) and 11 U.S.C. §§ 544, 548, and 550. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

[12] *Bethea v. Robert J. Adams & Assocs.*, 352 F.3d 1125, 1128 (7th Cir. 2003).

[13] *Lamie v. Trustee*, 540 U.S. 526, 535-36 (2004).

The Court, as set forth above, previously expressed two key concerns with the original two-contract procedure. Both of those concerns, however, have been substantially addressed by the modifications Clark & Washington made to its two-contract procedure. To begin with, under the modified two-contract procedure, the prepetition agreement now (i) more fully sets out the costs and fees associated with filing the client's case; and (ii) specifies the client's three options for postpetition legal services. Moreover, Clark & Washington's initial Rule 2016 disclosure statement explicitly specifies that the prepetition fee is $250 and that the contract between the client and the firm does not include postpetition services. Finally, the two-contract procedure contemplates the firm filing a supplemental disclosure that sets out the additional $1,000 fee in the event the client retains Clark & Washington for postpetition services.

That leaves the three concerns raised by the U.S. Trustee.[14] First, the U.S. Trustee contends that, under the modified two-contract procedure, debtors are forced to proceed pro se from the time their petitions are filed until they decide whether to retain Clark & Washington or another firm (or continue proceeding pro se). According to the U.S. Trustee, this could cause problems because the client has to provide information to the chapter 7 trustee and prepare for the meeting of creditors during this "gap" period, and the client will be left without representation. Making matters worse, creditors, other lawyers, and the chapter 7 trustee will not know the client is proceeding pro se during the gap period. Second, the U.S. Trustee contends that the disclosures contained in Clark & Washington's prepetition and postpetition contracts are insufficient. Third, the U.S. Trustee says the two-contract procedure is simply unnecessary as there are other alternatives.

---

[14] Doc. No. 57.

The first two concerns are valid. But neither of them warrants precluding Clark & Washington from implementing its modified two-contract procedure. To begin with, Clark & Washington has already addressed the U.S. Trustee's concern that clients will be left unrepresented. Under the modified two-contract procedure, the firm agrees to continue representing the client during the two-week "cooling off" period. And if the client opts to retain another firm or continue pro se, Clark & Washington will continue to represent the client until the Court enters an order allowing the firm to withdraw. In order to leave no doubt, the Court will require Clark & Washington to include in its initial Rule 2016 statement that the firm will represent the client until the Court enters an order allowing the firm to withdraw from representation. So that adequately resolves the U.S. Trustee's first concern.

The second concern—inadequate disclosure—is admittedly more problematic. In fact, Clark & Washington concedes the disclosures in its modified two-contract procedure could be improved. For starters, it has agreed—and the Court will require—that the firm move the "Two-Contract Procedure" disclosure from the end of each contract to a separate cover page. In addition, the firm has agreed to have their clients sign and acknowledge that they have received and read the two-contract procedure disclosures. These modifications resolve the U.S. Trustee's second concern.

As for the U.S. Trustee's third concern, the Court is not persuaded that the two-contract procedure is objectionable simply because there may be other alternatives. In this regard, the U.S. Trustee contends that there are other approaches that would allow individuals with modest means to obtain legal representation. Yet the U.S. Trustee does not identify any of those other approaches. And in any event, that is not the standard. Clark & Washington is not precluded from using one fee arrangement simply because other arrangements may exist.

**Conclusion**

In the end, there is no prohibition against a debtor making postpetition installment payments for postpetition services. The Court concludes that Clark & Washington's two-contract procedure—with the modifications directed by the Court and agreed to by the firm—does not violate the Court's July 12, 2011 Memorandum Opinion. Nor does it conflict with any applicable Bankruptcy Code provision or rule of professional conduct. Accordingly, it is

**ORDERED**:

1. Clark & Washington's new two-contract procedure set forth in the exhibits attached to its November 28, 2011 Response to the Court[15] is approved with the following modifications:

    a. The "two-contract procedure" disclosure currently on pages 4-5 of the prepetition agreement and page 5 of the postpetition agreement must be set forth on a separate cover page.

    b. Firm clients must acknowledge that they have received and read the "two-contract procedure" disclosure.

    c. The client must execute the prepetition agreement before the bankruptcy case is filed and the postpetition agreement after the bankruptcy case is filed.

    d. The postpetition agreement shall contain a provision notifying the client that (i) the client has the right to cancel the postpetition agreement—and all financial obligations arising under that agreement—at any time within 14 days after signing it; and (ii) the client may exercise his or her right to cancel the postpetition agreement by notifying Clark & Washington in writing (at the address designated by the firm) within 14 days after signing the agreement of his or her intent to cancel the agreement.

---

[15] Doc. No. 56.

   e. Clark & Washington shall include language in its initial Rule 2016 disclosure stating that the firm will continue to represent the debtor in the case even where the debtor chooses not to retain the firm for postpetition services until the Court enters an order allowing the firm to withdraw from representation.

 2. The Court reserves jurisdiction to enforce the terms of this Order.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on <u>   May 21, 2012   </u>.

*/s/ M.G. Williamson*

Michael G. Williamson
United States Bankruptcy Judge

Copies to:

**Denise E. Barnett, Esq.**
Attorney for United States Trustee

**Richard H. Thomson, Esq.**
**Glenn E. Gallagher, Esq.**
Attorneys for Clark & Washington, P.C.